# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
Chang Choi                     )
and                            )
Byung Hwa Yoo,                 )
                               )
Parents of the minor child W.C.)
5023 Warren St., NW            )
Washington, D.C.               )
                               )
        PLAINTIFFS,            )
                               )
v.                             )
                               )
DISTRICT OF COLUMBIA,          )
441 4th St., NW                )
Washington, D.C.  20001        )
                               )
Serve:   Karl Racine, Esq.     )
         Attorney General      )
                               )
Serve:   Muriel Bowser         )
         Mayor                 )
                               )
        DEFENDANT.             )
_____)
```

## COMPLAINT

## JURISDICTION

1.      Plaintiffs bring this Complaint seeking relief for denial of a Free and Appropriate Public Education pursuant to the Individuals with Disabilities Education Act (herein "IDEA"), 20 U.S.C. Secs 1400 et seq.  This Court has pendent jurisdiction pursuant to 5 D.C. Mun. Regs. Sec. 3000.1-3099 (1991).  Declaratory relief is authorized pursuant to 28 U.S.C. Secs. 2201 and 2202.

## PARTIES

2.      W. C. is a minor child with disabilities and has resided in the District of Columbia during all applicable time periods.  Chang Choi and Byung Hwa Yoo are W.C.'s parents.

 3.      Defendant District of Columbia is a municipal corporation that received federal financial assistance and is required to comply with the IDEA.  The District of Columbia government has responsibility for overseeing all public agencies that receive federal funding.  As such, the District of Columbia government is responsible for ensuring that the District of Columbia Public Schools (herein "DCPS") fully complies with applicable laws and regulations, including those set forth in IDEA.   Pursuant to IDEA, Defendant must provide a Free and Appropriate Public Education, herein ("FAPE") to children who are residents of the District of Columbia.

## FACTS

4.   W.C. is a seven year old student who attended Horace Mann Elementary School (herein Mann) during school year 2014-2015.  W.C. has an IEP with a disability classification of Autism.

5.   During and prior to school year 2014-2015, Plaintiffs became concerned as to whether or not the program at Horace Mann Elementary School (herein "Mann") could meet W.C.'s special education needs.

6.   In the late spring of 2015 Plaintiffs' hired an educational specialist to observe the program at Mann and provide advice and assistance as to whether or not the program at Mann was appropriate to meet W.C.'s needs.  The educational specialist hired by Plaintiffs has professional expertise in the area of special education.

7.  In June 2015 an amendment to W.C.'s IEP was developed and it increased W.C.'s hours of specialized instruction. Subsequent to amending W.C.'s IEP, DCPS proposed that W.C. be placed at Mann for the 2015-2016 school year.

8.  Even with the increase in hours of specialized instruction, Plaintiffs were still concerned about the proposed placement for W.C. at Mann. Their concerns were based, *inter alia*, on W.C.'s lack of progress at Mann during the previous school years, significant and serious safety issues for W.C. at Mann, and the numerous struggles W.C. had at Mann during school year 2014-2015.

9.  In light of these and other concerns, Plaintiffs requested their educational specialist to observe the program at Mann that DCPS was proposing for the 2015-2016 school year and assist them in determining if the program could meet W.C.'s needs.

10. Plaintiffs and/or their education specialist contacted personnel at Mann and requested to schedule a date/time to observe the school program being proposed for W.C. Personnel at Mann responded by forwarding two forms for Plaintiffs' educational specialist to sign before they would allow the observation to move forward. Plaintiffs and the educational specialist were not comfortable signing one of the forms due to the restrictions it placed on the observation. This form was entitled "Classroom Observer Confidentiality Form". Personnel at Mann would not allow the observation to move forward without Plaintiffs' educational specialist signing the Classroom Observer Confidentiality Form.

11. The program/classroom observation did not occur due to the insistence by DCPS personnel that the educational specialist must sign the Classroom Observer Confidentiality Form, a form that did not comply with the requirements of IDEA, federal regulations, the D.C. Code or D.C.

3

Municipal Regulations.

12. Wanting the classroom/placement observation to move forward, on November 17, 2015, Plaintiffs, through counsel, filed a Due Process Complaint Notice pursuant to IDEA. Plaintiffs contended therein that by refusing to allow this classroom/program observation absent an executed Classroom Observer Confidentiality Form by the educational specialist, D.C. Public Schools, *inter alia*, denied and/or significantly impeded Plaintiffs' rights and the opportunity to participate in the decision making process concerning the provision of FAPE to W.C.

13. On December 14, 2015, a prehearing conference was held concerning the Due Process Complaint Notice. On December 17, 2015, Hearing Officer Lazan issued a Prehearing Order. In that Order the issue to be litigated was set forth as follows:

> Did DCPS fail to provide Petitioner with an opportunity to have an expert view the Student's current placement? If so, did DCPS violate DC Act 20-486, Sect. 103(5)(a)-(h) and also violate the parent's right to meaningfully participate in the IEP and placement process pursuant to CFR Sect. 300.513(a) and 300.501(b)? If so, did DCPS deny the Student a FAPE?

14. On January 31, 2016, pursuant to IDEA, the implementing regulations of IDEA, Title 38 of the D.C. Code Subtitle VII and the District of Columbia Municipal Regulations, Title 5-E, Chapter 30, a Hearing Officer Determination, (herein "HOD"), was issued by Hearing Officer Michael Lazan. The parties, *inter alia*, each filed Motions for Summary Judgment, Oppositions and additional pleadings as detailed in the January 31, 2016, HOD.

15. In the HOD, Hearing Officer Lazan set forth the issue to be decided as follows:

> Did DCPS fail to provide Petitioner with an opportunity to have an expert view the Student's current placement? If so, did DCPS violate DC Act 20-486, Sect. 103(5)(a)-(h) and also violate the parent's right to meaningfully participate in the IEP and placement process pursuant to CFR Sect. 300.513(a) and 300.501(b)? If so, did DCPS deny the Student a FAPE? (HOD at 3, 13)

16. After a lengthy and detailed analysis, Hearing Officer Lazan concluded that the Classroom Observation Confidentiality Agreement DCPS required Plaintiffs' expert to sign before allowing the school/classroom observation was contrary to The Student Rights Act set forth in the D.C. Code.

17. After making the finding set forth in Paragraph 14, above, Hearing Officer Lazan then failed to rule on whether or not this violation of The Student Rights Act violated Plaintiffs' right to meaningfully participate in the IEP and placement process pursuant to CFR Secs. 300.501 and 300.513, and, if so, whether such violation constituted a denial of a FAPE.

18. The Hearing Officer's failure to rule on all issues presented in the case has impeded Plaintiffs' rights to various relief available pursuant to IDEA and thus has caused harm to Plaintiffs.

## COUNT I

19. Plaintiffs repeat and re-allege paragraphs 1 - 15 above.

20. Hearing Officer Lazan erred in the January 31, 2016, Hearing Officer Determination by failing to find that Defendant's violation of The D.C. Student Rights Act violated Plaintiffs' right to meaningfully participate in the IEP and placement process pursuant to CFR Secs. 300.501 and 300.513 and that such violation constituted a denial of a FAPE. This failure to rule on all issues presented has impeded Plaintiffs' rights to various relief available pursuant to IDEA and thus has caused harm to Plaintiffs.

## RELIEF

21. Plaintiffs respectfully request that this honorable Court:

    **A**. Issue judgment for the Plaintiffs on the count set forth above;

   **B**.  Find that Hearing Officer Lazan erred by failing to find that Defendant's violation of The D.C. Student Rights Act constitutes a violation Plaintiffs' right to meaningfully participate in the IEP and placement process pursuant to IDEA and CFR Secs. 300.501and 300.513 and that such violation constitutes a denial of Plaintiffs' right to a Free and Appropriate Public Education for their minor child, W.C.

   **C**.  Alternatively, issue a declaratory judgment that the Defendant's violation of Plaintiffs' rights under the D.C. Student Rights Act constitutes a violation of Plaintiffs' right to meaningfully participate in the IEP and placement process pursuant to IDEA and  CFR 300.315 and 300.501 and that such violation constitutes a denial of Plaintiffs' right to a Free and Appropriate Public Education for their minor child, W.C.

   **D**.  Award attorney's fees and costs to Plaintiffs; and

   **E**.  Grant such other relief as is just and fair.


Respectfully submitted,

*/s/ Elizabeth T. Jester, Esq.*

Elizabeth T. Jester, Esq.
JESTER AND WILLIAMS
P.O. Box 1165
Great Falls, VA 22066
703-757-8375 (office)
703-757-8378 (fax)
D.C. Bar Number 386813
ETJESQ@aol.com

*Not admitted to practice in VA*

signed electronically